1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SEAN SOLOMON, et al.,

11          Plaintiffs,              No. CIV S-10-257 JAM KJM PS

12      vs.

13   E-LOAN, INC., et al.,           ORDER AND

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Defendants' motion to dismiss and motion to strike are pending before the court.

17   The motions came on for hearing on April 7, 2010.  Plaintiff Sean Solomon appeared pro se.

18   Gene Wu appeared on behalf of the moving Wells Fargo defendants.  Upon review of the

19   documents in support and opposition,[1] and good cause appearing therefor, THE COURT FINDS

20   AS FOLLOWS:

21   /////

22   /////

23

24          [1] Although two plaintiffs are named in this action, the opposition was signed only by
     plaintiff Sean Solomon.  Plaintiff Karen Solomon neither filed opposition nor appeared at the
25   hearing on the motion to dismiss.  Plaintiff Sean Solomon was cautioned that each plaintiff
     proceeding pro se must appear on his or her own behalf and may not file opposition for the other
26   plaintiff or speak on the other's behalf.

                                              1

I.  Background

In this action, removed from state court on February 1, 2010, plaintiff alleges a claim under the Real Estate Settlement Procedures Act ("RESPA") and several state law claims arising out of a loan taken out by plaintiffs and secured by a deed of trust.  On March 4, 2010, defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage filed the instant motion to dismiss for failure to state a claim and motion to strike.[2]  Plaintiff filed a first amended complaint on April 6, 2010 and a second amended complaint on April 14, 2010.  Under Federal Rule of Civil Procedure 15(a)(1)(B), the filing of both the amended complaints is untimely and the amended complaints will be stricken.

II.  Motion To Dismiss

A.  RESPA Claim

Plaintiffs' claim under RESPA[3] is related to alleged improper fees imposed at the time of loan origination.  The loan at issue originated on September 15, 2004.  Compl., Ex. A. The instant action was filed in state court on December 21, 2009.  The RESPA claim is barred by the one year statute of limitations under 12 U.S.C. § 2614.

B.  State Law Claims

Plaintiffs' other claims relating to loan origination are similarly barred by the applicable statutes of limitation.  Plaintiffs' fraud claims are barred by the three year statute of limitations under California Code of Civil Procedure § 338(d), and the California Business and Professions Code § 17200 claim is barred by the four year statute of limitations provided by Business & Professions Code § 17208.  Plaintiffs' claim that they are entitled to equitable tolling is untenable.  The complaint alleges that plaintiffs immediately discovered the loan was

---

[2]  Seven other defendants are named in the complaint, none of whom has yet appeared in this action.

[3]  Plaintiff has objected to removal of this action from state court.  Because the complaint alleges a claim under RESPA, 17 U.S.C. § 2601, this action was properly removed under 28 U.S.C. §§ 1331 and 1441.  See Compl. ¶¶ 152-156.

problematic.  Compl. ¶ 62.  At the hearing on the motion to dismiss, plaintiff Sean Solomon

acknowledged that the first payment on the loan at issue was due in November 2004 and that

plaintiffs were the parties responsible for payments on the loan.  Under these circumstances,

plaintiffs cannot invoke equitable tolling of the applicable statutes of limitations.

Plaintiffs' remaining claims for irregularity in the sale procedure cannot lie

because plaintiffs have not tendered the full amount of plaintiffs' loan.  At the hearing on this

matter, plaintiff Sean Solomon offered no evidentiary support for the plaintiffs' contention that a

tender had been made.  Under Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), plaintiffs'

conclusory allegation in the complaint of tender is insufficient to maintain an action alleging

irregularities in the sale procedure where an unambiguous tender of the full amount is required.

See Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996); Compl. at 8:27-28.

Plaintiff's claim under the California Rosenthal Fair Debt Collection Practices

Act fails because the moving defendants are not debt collectors within the meaning of that

statute.  See Izenberg v. ETS Services, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008) (foreclosure

on a property as a security on a debt is not debt collection activity encompassed by the Rosenthal

Act).

III.  Motion to Strike

Defendants also move to strike the claims for punitive damages and emotional

distress damages.  Because the court concludes the motion to dismiss is well taken and the

moving defendants should be dismissed, the motion to strike should be denied as moot.

IV.  Supplemental Jurisdiction Analysis

As discussed above, the motion to dismiss is well taken and should be granted.

The motion to dismiss the RESPA claim should be granted in favor of all the named defendants

because this claim is completely barred by the statute of limitations.  Plaintiffs' RESPA claim

provides the sole basis for federal subject matter jurisdiction.  All of the remaining claims are

1   pendent state law claims.[4]

2      While federal courts may exercise supplemental jurisdiction over state-law claims

3   "that are so related to claims in the action within [the court's] original jurisdiction that they form

4   part of the same case or controversy under Article III of the United States Constitution," 28

5   U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has

6   dismissed all claims over which it has original jurisdiction," id. § 1367(c)(3).  Because plaintiffs'

7   RESPA claim should be dismissed as time-barred, the court should decline to exercise

8   jurisdiction over the remaining state law claims in this action.

9   V.  Temporary Restraining Order

10     For the third time in this action, plaintiffs have moved for a temporary restraining

11  order.  The February 9, 2010 motion for preliminary injunctive relief was denied by order of the

12  District Judge on February 10, 2010.  The findings and recommendations filed March 12, 2010

13  recommended that plaintiffs' March 9, 2010 motion for temporary restraining order be denied;

14  this recommendation was adopted by the District Judge on April 29, 2010.  Plaintiffs have again

15  presented no new argument or evidence as to why preliminary injunctive relief is appropriate.

16  Plaintiffs' present motion for temporary restraining order should therefore be denied.

17     Accordingly, IT IS HEREBY ORDERED that:

18     1.  The first amended complaint (docket no. 33) and the second amended

19  complaint (docket no. 35) are stricken; and

20     IT IS HEREBY RECOMMENDED that:

21     1.  The motion for temporary restraining order (docket no. 34) be denied;

22     2.  The motion to dismiss (docket no. 20) be granted;

23     3.  The motion to strike (docket no. 19) be denied as moot;

24

25    [4]  The state law claims remaining against the non-moving defendants are for fraud,
    reformation, quiet title and to set aside foreclosure, violation of Business and Professions Code
26  § 17200, and violation of the California Rosenthal Fair Debt Collection Practices.

4.  The claim under RESPA be dismissed as to all defendants; and

5.  This action be remanded to the Superior Court of the State of California, County of Nevada.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 5, 2010.

_____
U.S. MAGISTRATE JUDGE

006
solomon.mtd